UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RALPH C. EIKERMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV2376CDP |
| | ) | |
| SCHWAN'S HOME SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before me on a motion to reconsider. Plaintiff objects to my order denying plaintiff's motion to compel a deposition to take place in St. Louis. Plaintiff says I gave two reasons: that plaintiff hadn't explained why he needed to be there and that he had waived his right to be there. I did not say plaintiff had waived his right to be at the deposition, and I did not say plaintiff did not have a right to be there. Plaintiff certainly does have a right to attend any depositions in his case. Plaintiff does not have a right to require all the depositions to take place in St. Louis, even under the circumstances of this case.

Plaintiff's motion for reconsideration ignores the part of my order where I discussed the reasonableness of the parties' positions. Plaintiff cancelled a deposition at the end of the business day before the other side was going to have to travel. Plaintiff insists that defendant must honor the deal the parties made

previously, even though plaintiff's own actions prevented defendant from doing so. Had plaintiff given a really good explanation for doing this, the position might not have been unreasonable. That is what I meant in the previous order when I referred to plaintiff's failure to explain why it was so important. But plaintiff did not give a really good reason. Instead plaintiff insisted, and continues to insist, on his rights to enforce the deal. But rights, like contracts, and like discovery, must be governed by concepts of reasonableness. Plaintiff's position is not reasonable. Defendant's position is reasonable.

I recognize that the "deal" came about because of defendant's previous failure to fulfill its discovery obligations. But defendant did everything plaintiff asked to try to make up for its previous failure. Plaintiff's cancellation of the deposition happened, in practical terms, at the last minute, and under all the circumstances present here, defendant is excused from its previous agreement to bring the witness to St. Louis. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [#44] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of September, 2007.